UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:11-cr-95-T-26TBM

ALLEN LEE UNDERWOOD
_____/

**O R D E R**

Pending before the Court is Defendant's amended motion to suppress evidence in which he seeks an order from this Court suppressing various items of evidence seized from his residence during the course of the execution of a court authorized search warrant. He contends that because the affidavit in support of the warrant was lacking in indicia of probable cause, the evidence seized is subject to suppression based on Gates v. Illinois, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Defendant also argues that the affidavit was based on misleading and intentionally deceptive and unbelievable information and thus the seized evidence is subject to suppression under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 687 (1978). Although the Court has scheduled a hearing on the motion, after further review and reflection, the Court is of the opinion that a hearing is unnecessary because Defendant has failed to make a legally sufficient offer of proof in connection with his amended motion to justify the convening of a Franks hearing and the affidavit supporting the issuance of the search warrant contains ample probable cause in line with the principles of Gates.

Under Eleventh Circuit precedent, a Franks hearing is required only after a defendant has alleged specific instances of deliberate falsehoods or of reckless disregard for the truth, "and those allegations must be accompanied by an offer of proof." United Stages v. Haimowitz, 706 F.2d 1549, 1556 (11th Cir. 1983). As explained by the Court in Haimowitz, "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absences satisfactorily explained." Id.

In this case, although Defendant makes specific allegations of wrongdoing on the part of the affiant in terms of intentionally misleading the judge who issued the search warrant, he utterly fails to furnish an "offer of proof" as required by Haimowitz in the form of affidavits or reliable witness statements. Furthermore, the allegations advanced by Defendant's attorney, without more, cannot be considered by the Court in making up for this deficiency. Cf. United States v. Potes-Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (holding that Government did not meet its burden of demonstrating that property had been destroyed by simply making that allegation in an unverified pleading with no supporting affidavits). Consequently, because "[t]here is no affidavit or otherwise sworn statement alleging that [the affiant] knowingly or recklessly included false statements in the search warrant affidavit . . . [Defendant] has failed to make the necessary 'substantial preliminary showing' [for a Franks hearing]." United States v. Arbolaez, 450 F.3d 1283, 1294 (11th Cir. 2006). He is, therefore, not entitled to an evidentiary hearing under Franks.

With regard to the issue of whether probable cause existed to justify the issuance of the search warrant, the law is straightforward: "[p]robable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that 'there is a fair probability that

contraband or evidence of a crime will be found in a particular place.'" United States v. Karpodelis, 569 F.3d 1291, 1310 (11th Cir. 2009) (quoting Gates, 462 U.S. at 238, 103 S.Ct. at 2332). In making this assessment, the reviewing court must presume the validity of the warrant, must not critique the supporting affidavit in a hyper technical manner, and must be governed by a realistic and common sense approach. Gates, 462 U.S. at 236, 103 S.Ct. at 2331.

Measured against these time-honored standards, there can be no question that the affidavit in this case demonstrates from the totality of the circumstances that there was a fair probability that marijuana plants and drug paraphernalia associated with growing such plants would be found in Defendant's residence. Those circumstances include the extensive background and training of the affiant with respect to marijuana grow house investigations, the affiant's observation of Defendant at the Simply Hydroponics supply store which specializes in the sale of hydroponics equipment commonly used in indoor marijuana grow operations and from where equipment found during the execution of previous search warrants involving local marijuana grow operations was purchased, the affiant's and another detective's detection of the odor of fresh and growing marijuana emanating from Defendant's home on two occasions, the surveillance system at Defendant's home, and Defendant's excessive use of electrical power as compared to some of his neighbors' residences which were comparable in size. Analyzing these circumstances in their totality from a realistic and commonsense approach, the judge authorizing the search warrant had more than ample probable cause to conclude that there was a fair probability that a marijuana grow house operation was taking place within the confines of Defendant's residence. Consequently, the search warrant was properly authorized and the evidence seized pursuant to that search will be admissible at Defendant's trial.

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) The Amended Motion to Suppress (Dkt. 28) is denied.

2) The Motion to Dismiss (Dkt. 22) is denied as moot.

3) The Motion to Compel (Dkt. 29) is denied as moot.

4) The Government's Motion for a Continuance (Dkt. 31) is denied as moot.

5) The hearing scheduled for Wednesday, May 25, 2011, is cancelled.

6) The trial of this case shall commence on Monday, June 20, 2011, at 8:45 a.m.

**DONE AND ORDERED** at Tampa, Florida, on May 24, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record